W. ENDERS, ex'r, &c. appellant, *vs.* H. ENDERS, respondent.

Where the last will and testament of a testator contained this clause, " and my said wife, having now in her possession, the sum of $850, in money, I direct and request my said executors to pay her the sum of $150 more, so as to make her the sum of $1000; my meaning and intention is to give her the sum of $1000." *Held,* that this was a legacy of one thousand dollars, being, as to $150, a general legacy, and as to $850, a *demonstrative* legacy.

*Held also,* that the *onus* lay with the executor to shew that the legatee had, at the death of the testator, $850 in money in her hands.

*Held further,* that the withdrawal of the $850, by the testator in his lifetime, which sum, at the date of the will, was in the hands of the legatee, or the investment of it in promissory notes, which were received by the executor as a part of the assets of the estate, did not operate as an ademption of any portion of the legacy.

THIS was an appeal from a decree of the surrogate of Montgomery county. The respondent presented her petition to the surrogate of Montgomery county, on the 29th of November, 1843, duly verified, setting forth that Christian Enders, her late

Enders *v.* Enders.

husband, by his last will and testament dated the 9th day of March, 1839, devised and bequeathed to her a legacy of $1000, of which sum the testator alleged, in his said will, that she had then in her possession $850 in money, and he directed his executors to pay her the sum of $150 more. The petition also stated that the sum of $850, alleged by the testator to be in the hands of the legatee, consisted of promissory notes against other persons ; that subsequent to the death of the testator the petitioner was informed by the executor that the said promissory notes were the property of the testator, and that the executor was entitled to the possession thereof. And the executor having demanded the same from her, the petitioner delivered them to him ; that he had collected all the money due upon said notes ; that he had received from the proceeds of those notes, and the other personal property of the testator, more than enough to pay all the debts, funeral expenses, and legacies of the testator ; and that more than a year had elapsed since the granting of letters testamentary to the executor. The petitioner then prayed for a citation, requiring the executor to appear, and that such proceedings might be had, before the surrogate, as would compel him to account with, and pay over to the petitioner, the said legacy, with the interest due thereon. The surrogate issued a citation accordingly. On the return thereof the appellant appeared, and admitted the material facts stated in the petition. But he insisted that the respondent was only entitled, under the will, to a legacy of $150 ; which sum he had tendered to her, and brought into court. The surrogate decreed that the respondent was entitled to a legacy of $1000, together with interest from the death of the testator ; after deducting the sum of $25, which she admitted she had received from the estate, with interest. From this decree the executor appealed.

*H. Fish*, for the appellant. Parol evidence is inadmissible to explain, vary or enlarge the words of a will, except in the case of a latent ambiguity, or to rebut a resulting trust. (*Cowen & Hill's Notes*, 1427. 1 *Mad.* 81 *to* 84. 1 *John. Ch. Rep.* 233.

Enders *v.* Enders.

14 *John. Rep.* 1.   11 *Id.* 231.)   The intention of the testator must be sought for and carried into effect; and such intention must be collected from the will itself, unaided by any extrinsic evidence ; except in the case of a latent ambiguity, or to rebut a resulting trust.   And such will must not be construed by subsequent circumstances.   (1 *Ves.* 475.   13 *Id.* 279.   15 *Id.* 514. 2 *Ves. & Beam.* 199.   9 *Paige*, 117.   1 *R. S.* 748, § 2.   1 *John. Ch. Rep.* 233.   14 *Id.* 1.   11 *Id.* 201.   *Greenl. Ev.* 328, §§ 289, 290.   1 *Ves.* 259, 415.   18 *Id.* 466.   2 *Sch. & Lef.* 38, 39.   8 *Ves.* 22.   *Dick.* 554.)   There is no ambiguity in the will.   The intention of the testator is clearly expressed.   The word "*money*" must be taken in its ordinary acceptation, and to mean only cash, and not promissory notes, or choses in action; there being nothing in the will to show that the testator intended to use the word "*money*" as embracing promissory notes.   In the popular sense, "*money*" means gold and silver, or other lawful circulating medium of the country.   (1 *John. Ch. Rep.* 231.   14 *John.* 1.   11 *Id.* 201.)   If parol proof was admissible, agreeable to the decision of the surrogate, yet the weight of proof shewed that the respondent had received $850 in money, and the residue, $150, had been tendered to her before proceedings had been taken in this matter.   And that the notes belonged to the testator.   By the petition of the respondent before the surrogate, she claimed the several notes therein specified as her own property.   She gave them up to the appellant on their being demanded.   If the petitioner claims these notes under the devise or bequest made in the will, she ought not to have given them up; but should have retained them in satisfaction of her legacy.   If she *had* a valid claim to them, she cannot recover them back again.   (1 *Wend. Rep.* 355.)   No costs should have been adjudged against the executor personally ; but the costs should have come out of the funds of the testator.   (2 *Barb. Ch. Pr.* 332, 4.   4 *Paige's Rep.* 271. 9 *Id.* 461,94.   1 *John. Ch. Rep.* 473, 508.   4 *Id.* 608.)

*D. McMartin,* for the respondent.   All the facts stated in the respondent's petition, and not denied by the appellant before the surrogate, are to be taken as true.   The appellant did not,

before the surrogate, deny any fact stated in the respondent's petition. His whole answer to the petition consisted in affirming that he was bound to pay the respondent only $150, which he had tendered to her; and repeating the recital in the will that she having in her hands $850, &c. If the facts stated in the petition showed the petitioner entitled to a legacy of $1000, of which she had received only $25, the decree of the surrogate ought to be affirmed with costs. If the question whether the petitioner had or had not $850 in her hands to be applied in part payment of the legacy of $1000, was to be determined by the evidence given before the surrogate, the surrogate was right in holding that she had only $25, in her hands, and was entitled to a decree for the residue. The words in the will, "my said wife having now in her possession the sum of eight hundred and fifty dollars," do not take from the respondent the right of averring, and (if the amount be not admitted) of proving, that at the death of the testator she had not that sum in her hands. By the will of the testator a legacy of $1000 was bequeathed to the respondent, and she having delivered to the executor all that she had in her hands, is entitled to have that legacy paid to her out of the property that belonged to the testator at the time of his death. The executor had no good reason for refusing to pay it; and was therefore properly charged with the costs.

*By the Court,* WILLARD, J. The testator, by his last will and testament, bearing date the 9th day of March, 1839, after devising to his wife the use, income, and profits of certain land therein mentioned, so long as she should remain his widow, and certain articles of personal property, household furniture, &c. absolutely, directed as follows: "And my said wife, having now in her possession the sum of eight hundred and fifty dollars in money, I direct and request my said executor, to pay her the sum of one hundred and fifty dollars more, so as to make her the sum of one thousand dollars; my meaning and intention is to give her the sum of one thousand dollars. The foregoing provision is given and made to my beloved wife in

lieu of dower out of my estate; and I give to my said wife all family provisions now in the house." The testator departed this life on the 26th of April, 1842, without altering his will, leaving a very considerable real and personal estate, amply sufficient for the payment of all debts and legacies.

The material question in the case is, whether the foregoing is a general, absolute legacy of $1000 to the widow, to be paid by the executor, or only a specific legacy of $850, and a general legacy of $150. In the proceedings in the court below, the respondent treated it as a general pecuniary legacy for $1000; the appellant admitted his liability to pay $150, but alleged that the respondent had, in her possession, as is stated in the will, "the sum of eight hundred and fifty dollars," and he pleaded a tender as to the said $150 and interest. The surrogate decreed that the respondent was entitled to $1000 and interest from the death of the testator, and the surrogate's fees. The appellant treated the recital in the will, that the respondent "had in her possession eight hundred and fifty dollars in money," as conclusive evidence of that fact; and that she was still so in possession when the will took effect, at the death of the testator. And he objected to all parol evidence tending to show the contrary; or tending to show that it was embraced in the promissory notes which she in truth had in her possession at that time, and which he required her to surrender to him after the testator's death. If the $850, mentioned in the will as being in the respondent's possession, is a *specific* legacy, the appellant was right in refusing to pay her more than the $150 with interest. Assuming the $850 to be a specific bequest, if it was in the hands of the respondent at the death of the testator, she was entitled to hold it; or if it had been withdrawn by the testator before his death, or been otherwise consumed, the specific legacy would fail by reason of such ademption, or other destruction of its subject; and the legatee would not be entitled to any recompense or satisfaction out of the general personal estate. (*Ashton* v. *Ashton,* 3 *P. Wms.* 385, *per Lord Talbot, C.*)

A legacy of *quantity,* however, is ordinarily a *general* legacy;

but there are legacies of quantity, in *the nature* of *specific legacies ;* as of so much money, with reference to a particular fund for payment. This kind of legacy is called by the civilians a *demonstrative* legacy ; and it is so far *general*, and it differs so much in effect from one properly *specific*, that if the fund be called in, or fail, the legatee will not be deprived of his legacy, but be permitted to receive it out of the general assets. (*Touchstone* 433. 2 *Wms. Ex'rs.* 740. *Ellis* v. *Walker*, *Amb.* 310. 4 *Ves.* 555. 15 *Id.* 384. *Mann* v. *Copland*, 2 *Mad. Ch. Rep.* 223. *Fowler* v. *Willoughby*, 2 *Sim. & Stu.* 354. 1 *Cond. Ch. Rep.* 493, *S. C. Willox* v. *Rhodes*, 2 *Russ.* 452. 3 *Cond. Ch. Rep.* 195, *S. C. Walton* v. *Walton*, 7 *John. Ch. Rep.* 262.) The courts, in general, a re averse from construing legacies to be specific ; and the intention of the testator that they should be so, must be clear. (*Ellis* v. *Walker, supra.*)

The legacy in this case was a general pecuniary legacy of $1000. So much of it as was referred to as being in the hands of the respondent, viz. the $850, was a *demonstrative* legacy. As to that portion of the $1000, the testator pointed to a fund out of which it was to be paid. If the fund fails, from any cause, the legacy is to be made good out of the general assets. It is merely designated as the convenient means by which it may be discharged. Such is the clear intention of the testator, from the will itself—" my meaning and intention is," says the will, " to give her the sum of one thousand dollars." When we take into consideration that the bequests are to support a wife, and to be in lieu of dower, we derive additional confirmation, if need be, of this intention. The recital in the will, that the testator's wife, the respondent, had at the date of the will, in her possession, $850 in money, affords no conclusive evidence that she had the same money in her possession at the testator's death, two years afterwards ; or that it continued in the same form. The *onus* lay with the executor to show that she had it at the latter time. To carry into effect the intention of the testator, he must see that the respondent is paid $1000. Unless he can show that she had in her possession, at the testa-

tor's death, a part of the legacy in money, he must pay her the whole.

The general doctrine that it is the duty of the court to carry into effect the intention of the parties to a written instrument, so far as such intent can be collected from the whole instrument, and is consistent with the rules of law; and that parol evidence cannot be admitted to supply or contradict, enlarge or vary, the words of a will, nor to explain the intention of the testator, except where there is a latent ambiguity, or to rebut a resulting trust, is not disputed. (1 *John. Ch. Rep.* 234. 1 *R. S.* 748, § 2.) The appellant was not prejudiced by any testimony admitted by the surrogate. The object of the testimony received was not to alter or vary the will. There were some collateral matters introduced into the petition before the surrogate, but they had no influence in the final determination of the cause. The decree of the surrogate is right as to the amount, and as to the question of interest. It should have made both the legacy and costs payable out of the estate of the testator, and not been against the appellant personally. With this modification, the decree of the surrogate is affirmed, with costs to be paid by the appellant out of the estate of the testator.

---

SAME TERM.     *Before the same Justices.*